# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 12th day of December, 2019.*

Present: Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, and McCullough, JJ., and Russell, S.J.

Harry Lee Davison, III,                                                                                  Appellant,

 against          Record No. 181694
                    Court of Appeals No. 0633-17-2

Commonwealth of Virginia,                                                                            Appellee.

                                         Upon an appeal from a judgment rendered by the Court of Appeals of Virginia.

In 2017, Harry Lee Davison, III, was convicted in a jury trial in the Circuit Court of the City of Fredericksburg of forcible sodomy, aggravated sexual battery, object sexual penetration (two counts) and unlawful wounding in the commission of a felony (two counts) against the will of a female victim. In accordance with the jury's verdict, the court imposed a sentence of 20 years imprisonment and a $35,000 fine.

Davison appealed his forcible sodomy and aggravated sexual battery convictions to the Court of Appeals and only those two convictions are before us. Davison assigned two errors: (1) that the evidence was insufficient to support his convictions and (2) that the trial court erred in giving jury instructions that combined the alternative theories of force, the victim's mental incapacity or physical helplessness as the means by which the sexual acts were committed against the victim's will.

The Court of Appeals refused Davison's assignment of error challenging the sufficiency of the evidence but granted and considered this second assignment of error. The question of law presented by Davison's second assignment of error had been presented to the Court of Appeals in *Molina v. Commonwealth,* 47 Va. App. 338 (2006), but in that case the Court of Appeals assumed, without deciding, that the trial court erred in granting such a combined instruction but that in the circumstances of that case, the error was harmless. On appeal to this Court, we affirmed Molina's conviction but did not reach the combined instruction question because we determined that it had not been preserved for appeal in the trial court. *Molina v. Commonwealth,*

272 Va. 666, 673 (2006). Thus, the present case is the first in which either of our appellate courts has addressed this question on its merits.

The Court of Appeals affirmed Davison's convictions in a published opinion. *Davison v. Commonwealth*, 69 Va. App. 321 (2018). Because that opinion sets forth the facts in evidence pertinent to this appeal, it is not necessary to repeat them in this order.

Davison contended that the jury instructions were flawed because they required the jury to find that he committed the proscribed sexual acts against the victim's will by force or through her physical helplessness while knowing or having reason to know that she was physically helpless, or through her mental incapacity while knowing or having reason to know of her mental incapacity. He argued that these instructions were confusing to the jury and speculated that they could have resulted in a non-unanimous jury with some jurors adopting one theory and others adopting another.

The Court of Appeals determined that the elements of both crimes were: (1) that Davison committed the proscribed sexual acts against the victim and (2) that those acts were committed without her consent and against her will. 69 Va. App. at 330. The jury must be unanimous in finding those elements proved. Following the weight of authority in other jurisdictions, both federal and state, that have decided the question, the Court of Appeals held that juror unanimity is not required for deciding the means used in the commission of an element of a crime. *Id.* at 328-31. Thus, if all jurors in the present case agreed that Davison committed the alleged sexual acts without the victim's consent and against her will, it is immaterial that some jurors may have thought her will was overcome by force while others may have ascribed it to knowing exploitation of her physical helplessness or mental incapacity. *Id.*

Reviewing the record, the Court of Appeals found the evidence at trial sufficient to support a finding that Davison committed both crimes against the victim's will by each of the means contained in the instructions: force, her physical helplessness or her mental incapacity. *Id.* at 331. Accordingly, the Court of Appeals held that the trial court correctly instructed the jury and affirmed the convictions. *Id.* at 332.

Davison appealed his convictions to this Court, presenting the same two assignments of error. (Pet. 3). We also refused his first assignment of error challenging the sufficiency of the evidence. We awarded him an appeal on his second assignment of error relating to jury instructions in order to resolve the question of law left unanswered in *Molina*.

We agree with the analysis, the reasoning and the holdings of the Court of Appeals expressed in its published opinion and accordingly affirm the convictions.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Fredericksburg.

A Copy,

Teste:

Douglas B. Robelen, Clerk

By:

Deputy Clerk